IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMIE W.,[1]                                    3:20-cv-00577-BR

        Plaintiff,                              OPINION AND ORDER

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.


**KEVIN KERR**
Schneider Kerr & Robichaux
P.O. Box 14490
Portland, OR  97293
(503) 255-9092

        Attorneys for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

_____

        [1] In the interest of privacy this Court uses only the first
name and the initial of the last name of the nongovernmental
party in this case.  Where applicable, this Court uses the same
designation for the nongovernmental party's immediate family
member.


1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**JEFFREY E. STAPLES**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-3706

        Attorneys for Defendant

**BROWN, Senior Judge.**

    Plaintiff Jamie W. seeks judicial review of the final
decision of the Commissioner of the Social Security
Administration (SSA) in which the Commissioner denied
Plaintiff's application for Disability Insurance Benefits (DIB)
under Title II of the Social Security Act.  This Court has
jurisdiction to review the Commissioner's final decision
pursuant to 42 U.S.C. § 405(g).

    For the reasons that follow, the Court **REVERSES** the
decision of the Commissioner and **REMANDS** this matter for further
administrative proceedings.


                    <u>**ADMINISTRATIVE HISTORY**</u>

    On August 15, 2016, Plaintiff protectively filed his


2 - OPINION AND ORDER

application for DIB benefits.  Tr. 14, 140.[2]  Plaintiff alleges a disability onset date of January 1, 2015.  Tr. 14, 140. Plaintiff's application was denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on August 13, 2018.  Tr. 14, 26-47.  Plaintiff and a vocational expert (VE) testified at the hearing.  Plaintiff was represented by an attorney at the hearing.

On September 6, 2018, the ALJ issued an opinion in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 14-21.  Plaintiff requested review by the Appeals Council.  On February 3, 2020, the Appeals Council denied Plaintiff's request to review the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner. Tr. 1-3.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On April 8, 2020, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision.

## BACKGROUND

Plaintiff was born on February 27, 1963.  Tr. 140.

---

[2] Citations to the official Transcript of Record (#15) filed by the Commissioner on September 21, 2020, are referred to as "Tr."

3 - OPINION AND ORDER

Plaintiff was 51 years old on his alleged disability onset date.
Plaintiff has "limited education."  Tr. 19.  Plaintiff has past
relevant work experience as a janitor.  Tr. 19.

Plaintiff alleges disability due to hearing loss; arthritis
in his neck; a fused neck; chronic pain in his back and neck;
"back is cracked"; difficulty standing, sitting, and walking;
high blood pressure; "sleep problems"; and "can't breathe out of
nose."  Tr. 50.

Except as noted, Plaintiff does not challenge the ALJ's
summary of the medical evidence.  After carefully reviewing the
medical records, this Court adopts the ALJ's summary of the
medical evidence.  *See* Tr. 18-19.

## STANDARDS

The initial burden of proof rests on the claimant to
establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110
(9th Cir. 2012).  To meet this burden a claimant must
demonstrate his inability "to engage in any substantial gainful
activity by reason of any medically determinable physical or
mental impairment which . . . has lasted or can be expected to
last for a continuous period of not less than 12 months."  42
U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when

4 - OPINION AND ORDER

there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). "It is more than a mere scintilla [of evidence] but less than a preponderance." *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than

one rational interpretation, the court must uphold the
Commissioner's findings if they are supported by inferences
reasonably drawn from the record.  *Ludwig v. Astrue*, 681 F.3d
1047, 1051 (9th Cir. 2012).  The court may not substitute its
judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454
F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.    The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the
Commissioner determines the claimant is engaged in substantial
gainful activity (SGA).  20 C.F.R. § 404.1520(a)(4)(i).  *See
also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir.
2011).

At Step Two the claimant is not disabled if the
Commissioner determines the claimant does not have any medically
severe impairment or combination of impairments.  20 C.F.R.
§ 404.1509, 404.1520(a)(4)(ii).  *See also Keyser*, 648 F.3d at
724.

At Step Three the claimant is disabled if the Commissioner
determines the claimant's impairments meet or equal one of the
listed impairments that the Commissioner acknowledges are so

severe as to preclude substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations.  20 C.F.R. § 404.1520(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past.  20 C.F.R. § 404.1520(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine

whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines (or the grids) set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since January 1, 2015, Plaintiff's alleged disability onset date.  Tr. 16.

At Step Two the ALJ found Plaintiff has the severe impairments of degenerative disc disease of the cervical and lumbar spine.  Tr. 16.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P,

8 - OPINION AND ORDER

appendix 1.  Tr. 17.  The ALJ found Plaintiff has the RFC to
perform light work with the following limitations:  can only
occasionally reach overhead bilaterally; can only occasionally
climb ramps and [stairs], stoop, kneel, crouch, and crawl;
cannot climb ladders, ropes, and scaffolds; cannot tolerate
exposure to workplace hazards such as unprotected heights or
dangerous machinery; and cannot operate a motor vehicle as part
of his job functions.  The ALJ also found Plaintiff's time off-
task can be accommodated by normal work breaks.  Tr. 17.

At Step Four the ALJ concluded Plaintiff is unable to
perform his past relevant work.  Tr. 19.

The ALJ noted Plaintiff was an individual closely
approaching advanced age on his disability onset date, and
Plaintiff's age category changed to an individual of advanced
age on February 26, 2018 (55 under 20 C.F.R. § 404.1563).
Tr. 19.

At Step Five the ALJ found before February 26, 2018,
Plaintiff was able to perform other jobs that existed in the
national economy such as production assembler, electrical-
accessories assembler, and routing clerk.  Tr. 20.  Accordingly,
the ALJ found Plaintiff was not disabled before February 26,
2018.  Tr. 20-21.  The ALJ, however, found Plaintiff was unable

to perform other jobs that exist in the national economy
beginning on February 26, 2018.  Tr. 21.  Accordingly, the ALJ
found Plaintiff became disabled on February 26, 2018.  Tr. 21.


## DISCUSSION

Plaintiff contends the ALJ erred when he (1) failed at Step
Two to include Plaintiff's hearing loss as a severe impairment
and (2) failed to include in his assessment of Plaintiff's RFC
the limitations found by Thomas Manning, M.D., Plaintiff's
treating provider.

**I.    The ALJ erred at Step Two by failing to include Plaintiff's
hearing loss as a severe impairment at Step Two and to
develop the record regarding Plaintiff's hearing
impairment.**

Plaintiff contends the ALJ erred when he failed to include
Plaintiff's hearing loss as a severe impairment at Step Two and
failed to develop the record adequately as to Plaintiff's
hearing loss.

The Commissioner, in turn, contends the ALJ found Plaintiff
has other severe impairments, and, therefore, the ALJ ultimately
resolved Step Two in Plaintiff's favor.  Thus, according to the
Commissioner, any failure by the ALJ to find and to include as
severe the impairments that Plaintiff identifies does not
prejudice Plaintiff.  *See Buck v. Berryhill*, 869 F.3d 1040, 1049

(9th Cir. 2017)(Step Two is "not meant to identify the
impairments that should be taken into account when determining
the RFC.").

    **A.   Standards**

        The inquiry for Step Two is a *de minimis* screening
device to dispose of groundless claims. *Bowen v. Yuckert*, 482
U.S. 137, 153-54 (1987)(Step Two inquiry intended to identify
claimants whose medical impairments are so slight that it is
unlikely the claimants would be found disabled). *See also Webb
v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005)(Step Two
impairment "may be found not severe *only if* the evidence
establishes a slight abnormality that has no more than a minimal
effect on an individual's ability to work.")(emphasis in
original)).  The claimant bears the burden to provide medical
evidence to establish at Step Two that he has a severe
impairment.  20 C.F.R. § 404.1512.

        At Step Two the ALJ must also consider the combined
effect of all the claimant's impairments on his ability to
function without regard to whether each impairment is
sufficiently severe. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d
1006, 1012 (9th Cir. 2003). *See also Smolen v. Chater*, 80 F.3d

1273, 1289-90 (9th Cir. 1996); 42 U.S.C. § 423(d)(2)(B); 20
C.F.R. § 416.923.

        If the ALJ determines a claimant is severely impaired
at Step Two, the ALJ continues with the sequential analysis and
considers all of the claimant's limitations.  SSR 96-9p,
available at 1996 WL 374184 (July 2, 1996).  Step Two is "merely
a threshold determination of whether the claimant is able to
perform his past work."  *Hoopai v. Astrue*, 499 F.3d 1071, 1076
(9th Cir. 2007).  If an ALJ fails to consider limitations
imposed by an impairment at Step Two but considers them at a
later step in the sequential analysis, any error at Step Two is
harmless.  *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).
*See also Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).

    **B.   Analysis**

        Prior to the administrative hearing Plaintiff's
attorney advised the ALJ regarding Plaintiff's "difficulties
communicating."  Tr. 197.

        At the administrative hearing the ALJ addressed
Plaintiff's "problems hearing and speaking."  Tr. 28.  Because
Plaintiff does not use sign language and does not read lips, the
ALJ "turn[ed] the hearing over" to Plaintiff's counsel for the
questioning of Plaintiff.  Tr. 28-30.

During the hearing Plaintiff testified he had
prescription hearing aids, but he lost them and was unable to
replace them until approved by insurance. Tr. 30-31. Plaintiff
also testified he can hear "a little better" with his hearing
aids, but "things don't get better." Tr. 37.

The ALJ noted in his decision that the record
referenced Plaintiff's hearing loss and allergic rhinitis.
Tr. 16. The ALJ, however, concluded the record "does not
establish any resulting functional limitations that would
significantly affect [Plaintiff's] ability to perform basic work
activities." Tr. 16. Accordingly, the ALJ found at Step Two
that Plaintiff's hearing loss is not a severe impairment.
Tr. 16.

Plaintiff, in turn, contends the medical record is
inadequate regarding his hearing loss. The record contains only
a one-page audiology report dated September 12, 2016. Tr. 250.
Plaintiff contends this record is incomplete because the fax
coversheet from the Central Oregon Audiology and Hearing Aid
Clinic indicates six pages were being transmitted, but only one
page was included in the Administrative Record. Tr. 249.
Plaintiff also asserts this report does not address Plaintiff's
complaints that his hearing aids are not fully effective or

whether Plaintiff can distinguish voices.

Although a claimant would not ordinarily be prejudiced by the ALJ's failure to include a condition as a severe impairment at Step Two when the ALJ resolves Step Two in the claimant's favor, the Court agrees the record in this case regarding Plaintiff's alleged hearing loss appears to be incomplete and that fact may prejudice Plaintiff.

In addition, as noted, at Step Two the ALJ must consider the combined effects of all the claimant's impairments on his ability to function without regard to whether each impairment is sufficiently severe.  *Howard ex rel. Wolff*, 341 F.3d at 1012.  Although the ALJ may not have erred when he failed at Step Two to include Plaintiff's hearing loss as a severe impairment, the issue remains whether the ALJ considered all of Plaintiff's limitations, including any hearing loss, at a later step in the sequential analysis.

The Commissioner, however, points out that the ALJ found Plaintiff is able to perform other work at Step Five and that two of those occupations do not require the ability to hear.  Accordingly, the Commissioner argues the ALJ did not err at Step Two.  Def.'s Br. (#18) at 3.

"The ability to communicate is an important skill to

be considered when determining what jobs are available to a claimant." *Pinto v. Massanari*, 249 F.3d 840,847 (9th Cir. 2001). *See also* SSR 85-15 (communication is an important factor in work, and the ability to hear is of "great importance."). Because of the possible medical variables of hearing loss, SSR 85-15 also indicates the assistance of a VE is "often necessary to decide the effect on the broad world of work."

The VE in this case did not testify about the requirement to hear for any of the occupations that he identified at the hearing. In addition, the record does not reflect the ALJ considered any limitations caused by Plaintiff's hearing loss in the subsequent steps of the regulatory evaluation process. Accordingly, the Court concludes the record is incomplete regarding the effects of Plaintiff's hearing loss on his ability to perform a significant number of jobs that exist in the national economy.

**II.  The ALJ erred when he failed to provide legally sufficient reasons for discounting Dr. Manning's opinion regarding Plaintiff's limitations.**

Plaintiff contends the ALJ erred when he failed to include in his assessment of Plaintiff's RFC the limitations found by Dr. Manning.

**A.    Standards**

"In disability benefits cases . . . physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability - the claimant's ability to perform work." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). "In conjunction with the relevant regulations, [courts] have . . . developed standards that guide [the] analysis of an ALJ's weighing of medical evidence." *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008).

"If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* When contradicted, a treating or examining physician's opinion is still owed deference and will often be "entitled to the greatest weight . . . even if it does not meet the test for controlling weight." *Orn v. Astrue,* 495 F.3d 625, 633 (9th Cir. 2007). An ALJ can satisfy the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick,* 157 F.3d at 725. "The ALJ must do more than state conclusions. He must set forth his

own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citation omitted).

**B.   Analysis**

On August 8, 2018, Dr. Manning, Plaintiff's treating physician, submitted a treating source statement.  Tr. 356-60. Dr. Manning opined Plaintiff can occasionally reach overhead and at shoulder height, but doing so may cause strain on Plaintiff's neck.  Tr. 360.  Dr. Manning also opined Plaintiff can stand and/or walk for 30 minutes at a time for a total of four hours in an eight-hour workday and can sit for 30 minutes at a time for a total of four hours in an eight-hour workday.  Tr. 359. Dr. Manning concluded Plaintiff would miss at least 16 hours of work each month.  Tr. 360.

The ALJ gave "significant weight" to Dr. Manning's opinion that Plaintiff is limited to light exertional work. Tr. 19.  The ALJ, however, concluded there is "less support" for Dr. Manning's finding that Plaintiff would miss at least 16 hours of work each month, "particularly in light of the parenting responsibilities [Plaintiff] has undertaken with his grandchildren."  Tr. 19.

Plaintiff contends the ALJ erred when he failed to include in his assessment of Plaintiff's RFC that Plaintiff is

limited to only occasionally reaching at or below shoulder
height.  Tr. 17.  Plaintiff asserts the VE testified an
individual limited to only occasional reaching in all directions
would not be able to perform any of the identified occupations
and that there are not any other light exertional jobs that
would accommodate those manipulative limitations in combination
with Plaintiff's sitting, standing, and walking limitations.
Tr. 45.

In response the Commissioner contends Plaintiff
mischaracterizes the VE's testimony and that the ALJ properly
discounted Dr. Manning's opinion.

The ALJ's first hypothetical to the VE included a
limitation to occasional overhead reaching, and the VE
identified three occupations that could be performed with that
limitation.  Tr. 41-42.  The ALJ's second hypothetical added
limitations for sitting, standing, or walking.  The VE testified
the occupations identified would still be viable, but the number
of jobs would be reduced by 60%.  Tr. 43.

The VE also testified a person with the limitations
posed in the second hypothetical together with the limitation of
only occasionally reaching in all directions could not perform
any of the occupations identified.  Tr. 45.  In addition, the VE

testified a person with reaching limitations would require the
full ability to stand and/or to walk in order to perform even
light level work.  Tr. 45.  The VE further testified a person
could not be absent more than 1.5 days each month and still
maintain employment even for light exertional work.

        As noted, Dr. Manning concluded Plaintiff would miss
two days of work each month.  The ALJ, however, discounted
Dr. Manning's opinion on the ground that Plaintiff had
"parenting responsibilities" for his grandchildren as indicated
in a March 2015 treatment note by Dr. Manning:

> [Plaintiff] is primarily the homemaker.  He makes
> sure the kids get off to school; they are his
> grandchildren, two of whom walk to elementary
> school, and one that he drives to head-start.  No
> problems doing this.  At home he does regular
> housework and cooking.

Tr. 18, 239.

        At the hearing Plaintiff testified he watches his
grandchildren during the day and the two older grandchildren
"help."  Tr. 38.  Plaintiff also testified his wife and
grandchildren do the cooking, cleaning, dusting, mopping,
sweeping, and laundry.  Tr. 39.  Plaintiff goes shopping with
his wife, but he sits in the car.  Tr. 39.  For fun Plaintiff
sits and watches his grandchildren "skateboard around."  Tr. 39.
Without more specific details about Plaintiff's childcare

19 - OPINION AND ORDER

responsibilities, those tasks do not constitute "substantial
evidence" that is inconsistent with Dr. Manning's assessment of
Plaintiff's limitations and absenteeism nor do they support
discounting Dr. Manning's opinion regarding Plaintiff's
limitations and absenteeism. *See Trevizio v. Berryhill*, 871
F.3d 664, 676 (9th Cir. 2017)(The ALJ erred when he did not
develop a record regarding the extent of plaintiff's childcare
activities that would undermine her claimed limitations.).

The Court concludes on this record that the ALJ erred
when he discounted Dr. Manning's opinion, failed to provide
clear and convincing reasons supported by substantial evidence
in the record for doing so, and failed to account for the
limitations assessed by Dr. Manning in Plaintiff's RFC and in
his hypothetical to the VE.


## REMAND

The decision whether to remand for further proceedings or
for payment of benefits generally turns on the likely utility of
further proceedings. *Carmickle*, 533 F.3d at 1179. The court
may "direct an award of benefits where the record has been fully
developed and where further administrative proceedings would
serve no useful purpose." *Smolen*, 80 F.3d at 1292.


20 - OPINION AND ORDER

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed."  *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000).  The court should grant an immediate award of benefits when

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.*  The second and third prongs of the test often merge into a single question:  Whether the ALJ would have to award benefits if the case were remanded for further proceedings.  *Id.* at 1178 n.2.

Here, as noted, the Court concludes the Administrative Record appears to be incomplete regarding Plaintiff's hearing loss, the VE did not provide any evidence as to whether the occupations identified by him included a requirement to hear, and the ALJ failed to include in his evaluation of Plaintiff's RFC and in subsequent steps of the regulatory evaluation process any limitation based on Plaintiff's alleged hearing loss.  In addition, the ALJ failed to provide clear and convincing evidence for discounting Dr. Manning's opinion regarding

Plaintiff's limitations and failed to include those limitations in his assessment of Plaintiff's RFC.

The Court, therefore, concludes on this record that further administrative proceedings are necessary to allow the ALJ to consider the evidence properly and to address these issues. Accordingly, the Court remands this matter for further administrative proceedings.

## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 41 U.S.C. § 405(g) for further administrative proceedings.

IT IS SO ORDERED.

DATED this 30th day of March, 2021.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States Senior District Judge